# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARTOSS, INC., | ) |
| | ) |
| Plaintiff, | ) C.A. No. 20-741-RTD |
| | ) |
| v. | ) **JURY TRIAL DEMANDED** |
| | ) |
| ARTOSS GmbH, THOMAS GERBER and WALTER GERIKE, | ) |
| | ) |
| Defendants. | ) |

## ARTOSS GMBH'S PROPOSED JURY VERDICT FORM

OF COUNSEL:

Sherman W. Kahn
Hui Liu
MAURIEL KAPOUYTIAN WOODS LLP
15 W. 26th Street, 7th Floor
New York, NY 10010
Tel: (212) 529-5131

Marc J. Pernick
Jason R. Bartlett
MAURIEL KAPOUYTIAN WOODS LLP
450 Sansome Street., Suite 1005
San Francisco, CA 94111
Tel: (415) 738-6228

Dated: October 26, 2022
20564.00001

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Brandon R. Harper (#6418)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
bharper@potteranderson.com

*Attorneys for Defendant ARTOSS GmbH*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ARTOSS, INC., | ) |
| Plaintiff, | ) Case No. 1:20-CV-00741-RTD )  )  ) |
| vs. | ) ) |
| ARTOSS GmbH, THOMAS GERBER, and WALTER GERIKE, | ) **JURY TRIAL DEMANDED** ) ) |
| Defendants. | ) ) |

# JURY VERDICT FORM – PHASE 1 (LIABILITY)

DATED: _____

_____

ROBERT T. DAWSON

SENIOR U.S. DISTRICT JUDGE

We answer the questions submitted to us as follows:

## I. BREACH OF CONTRACT BY GmbH

Did **INC prove by a preponderance of the evidence that**:

1. It was a breach of the Distributor Agreement for **GmbH** to refuse in May 2020 to accept Artoss, Inc's purchase orders for SBX or QD products unless **Inc.** paid in advance?

   Yes \_\_\_\_\_ No \_\_\_\_\_

Did **INC prove by a preponderance of the evidence that**:

2. It was a breach of the Distributor Agreement for **GmbH** to terminate the Distributor Agreement in April of 2021?

   Yes \_\_\_\_\_ No \_\_\_\_\_

If you answered yes, then go on to answer question 3. If you answered no, skip to question 4.

Did **INC prove by a preponderance of the evidence that**:

3. It was a breach of the Distributor Agreement for **GmbH** to raise the prices of SBX or QD products after April 2021?

   Yes \_\_\_\_\_ No \_\_\_\_\_

## II. BREACH OF CONTRACT BY INC

Did **GmbH prove by a preponderance of the evidence that**:

4. **INC** breached one or more provisions of the Distributor Agreement relating to trademarks?

    Yes _____ No _____

5. **INC** breached the Distributor Agreement by failing to make required minimum purchases?

    Yes _____ No _____

6. **INC** breached the Distributor Agreement by failing to pay for any SBX or QD products that expired unsold?

    Yes _____ No _____

## III. TRADEMARK INFRINGEMENT

Did **GMBH prove by a preponderance of the evidence**:

7. That **INC** used **GmbH's** NanoBone® mark in commerce without **GmbH's** consent (a) in a manner that was likely to cause confusion among ordinary purchasers as to the source of the NanoBone® product causing injury to **GmbH** *or* (b) deprived **GmbH** of control over its NanoBone® trademark?

    Yes _____ No _____

8. That **INC** with a bad faith intent to profit from the NanoBone® mark, registered, trafficked in, or used a domain name that is identical or confusingly similar to the NanoBone mark® without authorization from **GmbH**?

Yes _____ No _____

9. That **INC** used **GmbH's** NanoBone® mark in such a way that was (a) likely to cause confusion regarding whether Artoss, Inc. was the owner of the mark, *or* (b) to deceive as to the affiliation, connection, or association of Artoss, Inc. with the ownership of the mark or ARTOSS GmbH's sponsorship, or approval of Artoss, Inc.'s unauthorized use of the mark?

Yes _____ No _____

If you answered Yes to any of questions 7, 8, or 9 answer question 10:

Did **GMBH prove by a preponderance of the evidence**:

10. That **INC** willfully used of **GmbH's** NanoBone® mark, or a mark identical with, or substantially indistinguishable from **GmbH's** NanoBone® mark?

Yes _____ No _____

### IV. DELAWARE UNIFORM DECEPTIVE TRADE PRACTICES ACT
Did **GMBH prove by a preponderance of the evidence**:

11. That **INC** passed off NanoBone® products as originating with **INC,** caused a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of NanoBone® products, or engaged in any other conduct which similarly creates a likelihood of confusion or of misunderstanding?

Yes _____ No _____

## V. COMMON LAW UNFAIR COMPETITION
Did **GMBH prove by a preponderance of the evidence**:

12. That **INC**, in connection with the marketing of NanoBone® products, made a representation relating to the NanoBone® products or their source (including a representation that ARTOSS GmbH's business or property belonged to Artoss, Inc.) that was likely to deceive or mislead prospective purchasers to the likely commercial detriment of ARTOSS GmbH?

Yes _____ No _____


Have the presiding juror sign and date this form.

\* \* \*


Signed: _____
        Presiding Juror

Dated:

After this verdict form has been signed, notify the clerk that you are ready to present your verdict in the courtroom.