IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ARTOSS, INC. | | PLAINTIFF |
| v. | Case No. 1:20-cv-00741 | |
| ARTOSS GmbH | | DEFENDANT |
| ARTOSS GmbH | | COUNTER-CLAIMANT |
| v. | | |
| ARTOSS, INC. | | COUNTER-DEFENDANT |

**MEMORANDUM OPINION AND ORDER**

Before the Court are the parties' motions to exclude the opposing party's expert witness. (ECF Nos. 239 and 242). The motions have been fully briefed and are ripe for consideration. As set forth below, the Court finds that each motion should be GRANTED IN PART and DENIED IN PART.

Both parties appear to agree that expert testimony regarding interpretation of the Distributor Agreement at issue in this case would be improper. The Court agrees. Having reviewed the motions, the Court finds that the expert testimony expected to be presented by the parties in this case is not relevant or necessary during the liability phase of this bifurcated trial or, alternatively, that proposed testimony would improperly encroach upon the province of the jury to interpret the contract at issue.

While evidence related to industry standards and practices may be relevant in certain contract cases, the opinions offered by defense expert, Edward J. Buthesiem, are not relevant to the core analysis of whether either party breached the Distributor Agreement at issue. Witnesses with firsthand knowledge can testify about factual information regarding why Artoss GmbH interprets the Distributor Agreement as it does or why Artoss GmbH made the decision to not send additional product to Artoss, Inc. An expert's opinion on industry inventory standards or standard contract wording would not be helpful or relevant for the jury's consideration.

It does not appear that Artoss, Inc. plans to present primary expert testimony related to liability. Artoss GmbH argues, however, that the expert, Don Gorowsky has offered an opinion in rebuttal to Mr. Buthesium's damages calculations based on his interpretation of the Distributor Agreement. While the basis of Mr. Gorowsky's opinion on damages is relevant, any legal opinion on how the Distributor Agreement *should be interpreted* would encroach on the province of the jury.

The parties' motions (ECF Nos. 239 and 242) are therefore GRANTED IN PART insofar as they move to exclude expert testimony during the liability phase of this trial and/or seek to exclude testimony related to liability issues or interpretation of the contract generally.

The motions are DENIED IN PART insofar as they seek to exclude testimony of the experts on damages. This ruling does not, however, relieve the parties of making a showing at trial that their respective experts are "qualified by knowledge, skill, experience, training, or education" to offer their opinion on damages. Fed. R. Evid. 702. Otherwise, the parties' concerns about the opposing expert's opinions can be explored during cross-examination.

IT IS SO ORDERED this 10th day of November 2022.

/s/ Robert T. Dawson
**ROBERT T. DAWSON**
**SENIOR U.S. DISTRICT JUDGE**