IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ARTOSS, INC. | | PLAINTIFF |
| v. | Case No. 1:20-cv-00741 | |
| ARTOSS GmbH | | DEFENDANT |
| ARTOSS GmbH | | COUNTER-CLAIMANT |
| v. | | |
| ARTOSS, INC. | | COUNTER-DEFENDANT |

**FINAL JURY INSTRUCTIONS - LIABILITY**

## **INTRODUCTION**

Members of the jury:

Now that you have heard the evidence, it becomes my duty to give you the instructions of the court as to the law applicable to this case.

It is your duty as jurors to follow the law as stated in the instructions of the court, and to apply the rules of law so given to the facts as you find them from the evidence in the case. You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole.

Neither are you to be concerned with the wisdom of any rule of law stated by the court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base a verdict upon any other view of the law than that given in the instructions of the court; just as it would be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything but the evidence in the case.

You should not permit sympathy, prejudice, or like or dislike of any party to this action or of any attorney to influence your findings in this case. Justice through trial by jury must always depend upon the willingness of each individual juror to seek the truth as to the facts from the same evidence presented to all the jurors; and to arrive at a verdict by applying the same rules of law, as given in the instructions of the court.

As I told you at the beginning of the trial, this is a bifurcated trial. Your deliberations for this phase of the trial should be focused only on the questions of liability that are listed on the verdict form. Do not concern yourself with damages – or how or to what extent either party was harmed, or how much, if any, money one party may owe another. Once you have reached a verdict as to each question of liability, and depending on the verdicts reached, I will instruct you separately on damages and you will hear additional evidence from the parties. So you can and should put that out of your mind for now.

## CONSIDERATION OF EVIDENCE

Statements and arguments of counsel are not evidence in the case unless made as an admission or stipulation of fact.

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses, regardless of who may have called them; and all exhibits received in evidence, regardless of who may have produced them; and all facts which may have been admitted or stipulated; and all applicable presumptions stated in these instructions.

Lawyers have a right to object when they believe something is improper. You should not be influenced by the objection. Any evidence as to which an objection was sustained by the court must be entirely disregarded. Any argument, comment, or statement by counsel in connection with stating objections shall likewise be disregarded.

Unless you are otherwise instructed, anything you may have seen or heard outside the courtroom is not evidence, and must be entirely disregarded.

You are to consider only the evidence in the case, but in your consideration of the evidence, you are not limited to the bald statements of the witnesses.  In other words, you are not limited solely to what you see and hear as the witnesses testify.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

A fact in dispute may be proved by circumstantial evidence as well as by direct evidence. A fact is established by direct evidence when, for example, it is proved by witnesses who testify to what they saw, heard, or experienced.  A fact is established by circumstantial evidence when its existence can reasonably be inferred from other facts proved in the case.

## CREDIBILITY OF WITNESSES

You are the sole judges of the weight of the evidence and the credibility of the witnesses. In determining the credibility of any witness and the weight to be given his or her testimony, you may take into consideration the witness's demeanor while on the witness stand, any prejudice for or against a party, his/her means of acquiring knowledge concerning any matter to which he/she testified, any interest the witness may have in the outcome of the case, and the consistency or inconsistency of his/her testimony, as well as its reasonableness or unreasonableness.

## DEPOSITION TESTIMONY

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath and swears to tell the truth, and lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The deposition of a witness, which were taken during the course of this litigation, was presented to you by reading the transcript. Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

## **BURDEN OF PROOF**

This is a civil case. Artoss, Inc. is the party that brought this lawsuit against ARTOSS GmbH. In turn, ARTOSS GmbH brought counterclaims against Artoss, Inc. Accordingly, Artoss, Inc. and ARTOSS GmbH each have the burden of proving their respective cases by what is called the preponderance of the evidence. "Preponderance of the evidence" means the greater weight of evidence. The greater weight of evidence is not necessarily established by the greater number of witnesses testifying to any fact or state of facts. It is the evidence which, when weighed with that opposed to it, has more convincing force and is more probably true and accurate. If, upon any issue in the case, the evidence appears to be equally balanced, or if you cannot say upon which side it weighs heavier, you must resolve that question against the party who has the burden of proving it.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard of proof and it applies only to criminal cases. It does not apply in civil cases such as this. So you should put it out of your mind.

## **CORPORATIONS AND THEIR AGENTS**

Both Artoss, Inc. and ARTOSS GmbH are corporations. A corporation is considered a person within the meaning of the law. As an artificial person, a corporation can only act through its servants, agents, or employees. The fact that a party is a corporation should not affect your

decision in any way. All persons, whether corporate or human, appear equally in a court of law and are entitled to the same equal consideration.

## CONTRACT FORMATION

A contract is a legally binding agreement between two or more parties. Each party to the contract must perform according to the agreement's terms. A party's failure to perform a contractual duty constitutes breach of contract. If a party breaches the contract and that breach causes injury or loss to another party, then the injured party may claim damages.

## CONTRACT MODIFICATION

Generally, a written contract may be modified by a later oral agreement. This is true even if a contract contains a provision that states that any modification must be in writing. An oral agreement that modifies a written contract must be specific, direct, and clear about the parties' intention to change their original agreement.

In considering whether an oral modification was intended by the parties, you may take into account whether the parties have otherwise—or at other times—modified the agreement at issue in writing.

## CONSTRUCTION OF AMBIGUOUS TERMS – BREACH OF CONTRACT

There are certain rules to consider in interpreting contractual terms that appear ambiguous or unclear.

First, if the party that drafted the language of the contract can be determined, the language must be construed most strongly against that party.

Second, if the contract's language is susceptible of two constructions, one of which makes it a fair, customary, and reasonable contract that a prudent person would make, while the second interpretation makes the contract inequitable, unusual, or one that a prudent person would likely not make, the first interpretation must be preferred.

Third, to determine the parties' intent when there are ambiguous terms, the jury will look to the construction given to the terms by the parties as shown through their conduct during the period after the contract allegedly became effective and before the institution of this lawsuit. The parties' conduct after a contract is made should be given great weight in determining its meaning.

Finally, explanatory circumstances existing when the contract was allegedly made may be considered in order to determine the parties' probable intent.

## **TERMINATION**

Where a party to a contract materially breaches its terms, the non-breaching party may elect to terminate the contract. A "material breach" is a failure to perform an essential term or condition that substantially defeats the purpose of the contract for the other party.

You will be asked to determine whether the Distributor Agreement provides a right of termination in certain specified circumstances. If the Distributor Agreement provides a right of termination in certain specified circumstances, and if you determine that the terms of a termination clause are satisfied, then the Agreement may be terminated regardless of whether there was a breach. If the Agreement is terminated, both parties are excused from future performance of their obligations under the Agreement unless the contracts provide that certain obligations survive the termination.

## IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

An implied covenant of good faith and fair dealing attaches to every contract. The implied covenant prohibits a party in a contractual relationship from acting in an arbitrary or unreasonable manner that prevents another party to the contract from receiving the fruits of the bargain.

The express terms of a contract must always control. When a contract expressly addresses a particular matter, an implied covenant with respect to that matter is unnecessary and should not be considered. Nor should an implied covenant be applied to give parties contractual protections that they failed to secure for themselves at the bargaining table. However, when gaps in an agreement lead to controversy, the implied covenant of good faith and fair dealing may be used to fill in the spaces between the written words. The implied covenant ensures that the parties deal honestly and fairly with each other when addressing gaps in their agreement, and its purpose is to preserve the reasonable economic expectations of the parties.

## TRADEMARK INFRINGEMENT

ARTOSS GmbH has alleged that Artoss, Inc. infringed ARTOSS GmbH's NanoBone® trademark.

### What is a trademark

A trademark is any word, name, symbol, device or any combination thereof, used by a person to identify and distinguish that person's goods from those of others and to indicate the source of the goods.

**Trademark Policy**

The trademark laws balance three often-conflicting goals: (1) protecting the public from being misled about the nature and source of goods and services, so that the consumer is not confused or misled in the market; (2) protecting the rights of a business to identify itself to the public and its reputation in offering goods and services to the public; and (3) protecting the public interest in fair competition in the market.

The balance of these policy objectives varies from case to case, because they may often conflict. Accordingly, each case must be decided by examining its specific facts and circumstances, of which you are to judge.

In these instructions, I will identify types of facts you are to consider in deciding if Artoss, Inc. is liable to ARTOSS GmbH for violating the trademark law. These facts are relevant to whether Artoss, Inc. is liable for:

1. infringing ARTOSS GmBH's registered trademark rights, by using the NanoBone® mark in a manner likely to cause confusion among consumers or depriving ARTOSS GmbH of control over its mark;

2. unfairly competing, by using the NanoBone® mark in a manner likely to cause confusion as to the origin or quality of ARTOSS GmbH's products or depriving ARTOSS GmbH of control over its mark;

3. false advertising, by making a false statement that was material and that tended to deceive consumers, injuring ARTOSS GmbH in the market.

**Trademark Infringement**

For ARTOSS GmbH to prove a trademark violation, it must show that Artoss, Inc. used the registered NanoBone® mark in commerce without Artoss GmbH's consent in a manner that is likely to cause confusion among ordinary purchasers as to the source of the NanoBone®

product causing injury to ARTOSS GmbH.  ARTOSS GmbH may also show that it was injured by showing that Artoss, Inc.'s activities deprived it of control over its NanoBone® mark.

ARTOSS GmbH has the burden of proving each of the following elements by a preponderance of the evidence:

1.  NanoBone® is a valid, protectable trademark;

2.  ARTOSS GmbH owns NanoBone® as a trademark; and

3.  Artoss, Inc. used NanoBone® without the consent of ARTOSS GmbH in a manner that is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of the goods or in a manner which deprived ARTOSS GmbH with control over the NanoBone® mark.

Because ARTOSS GmbH has a valid registration of the NanoBone® trademark, you should assume that ARTOSS GmbH has proven elements 1 and 2 of the test for trademark infringement.  Your job during your deliberations will be to determine whether ARTOSS GmbH has proven element 3.  If you find that ARTOSS GmbH has proved element 3, your verdict should be for ARTOSS GmbH.  If, on the other hand, ARTOSS GmbH has failed to prove element 3, your verdict should be for Artoss, Inc.

## TRADEMARK INFRINGEMENT (CYBERSQUATTING)

ARTOSS GmbH contends that Artoss Inc. engaged in Internet Cybersquatting.  To prove this claim, ARTOSS GmbH must prove by a preponderance of the evidence that Artoss Inc. registered, trafficked in, or used a domain name that is identical or confusingly similar to the NanoBone mark® without authorization. In addition, ARTOSS GmbH must demonstrate that Artoss Inc. took these unauthorized actions with a bad faith intent to profit from the NanoBone® mark.

## FALSE DESIGNATION OF ORIGIN

ARTOSS GmbH has alleged that Artoss, Inc. falsely designated the origin of NanoBone® products.  To prove this claim, ARTOSS GmbH must prove by a preponderance of the evidence that (1) Artoss, Inc. used the NanoBone® mark in such a way that is likely to cause confusion or to deceive as to the affiliation, connection, or association of Artoss, Inc. with the ownership of the NanoBone® mark or ARTOSS GmbH's sponsorship, or approval of Artoss, Inc.'s unauthorized use of the mark (2) in connection with NanoBone® products or any container for NanoBone® products.

## UNFAIR COMPETITION UNDER DELAWARE UNIFORM DECEPTIVE TRADE PRACTICES ACT

ARTOSS GmbH contends that Artoss, Inc. has violated Delaware's Uniform Deceptive Trade Practices Act.  To prove this claim, ARTOSS GmbH must prove by a preponderance of the evidence that: (1) Artoss, Inc. passed off NanoBone® products as originating with Artoss, Inc., and (2) caused likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of NanoBone® products, or engaged in any other conduct which similarly creates a likelihood of confusion or of misunderstanding.  ARTOSS GmbH need not prove actual confusion or misunderstanding.

## DEFENSE - NOMINATIVE FAIR USE

An entity makes nominative fair use of a trademark when the entity uses it as other than a trademark, to accurately identify the trademark owner's goods or services.  Here, Artoss, Inc. has

the burden of proving its nominative fair use of the Nanobone® mark by a preponderance of the evidence.

Nominative fair use occurs if an entity:

1. Uses the trademark in connection with the trademark owner's product, which was not readily identifiable without use of that mark;

2. Used only so much of the trademark as was reasonably necessary to identify the product in question; **and**

3. Did not do anything in connection with the trademark that would suggest sponsorship or endorsement of the defendant's product or service by the plaintiff.

A reasonably necessary use of a trademark occurs when no more of the mark's appearance is used than is necessary to identify the product and make the reference intelligible to the consumer. Nominative fair use does not apply if the defendant did anything that would, in conjunction with its use of the trademark, suggest sponsorship or endorsement by the trademark owner of the defendant's own product or service, or deceive, mislead, or capitalize on consumer confusion caused by such use, or appropriate the cachet of the trademark owner's product for the defendant's.

## DELIBERATIONS

In conducting your deliberations and returning your verdict, there are certain rules you must follow.

*First*, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are not partisans. You are judges – judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

*Third*, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions. The verdict must be unanimous. By unanimous I mean that each and every juror must reach the same decision. Nothing I have said or done is intended to suggest what your verdict should be – that is entirely for you to decide.

When you start deliberating, do not talk to anyone but each other about the case. You may not use any electronic device or media, such as a cell phone, any internet service, or any text or instant messaging service or social networking service, such as Facebook, Instagram, LinkedIn, or YouTube, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

If you have any questions or messages for me, you must write them down on a piece of paper, have the foreperson sign them, and give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you. Do not let me or anyone else know how your

votes stand on any question at any point until a unanimous verdict has been reached as to all questions on the verdict form.

*Finally*, the verdict form is simply the written notice of the decision that you reach in this case. The form reads: [read verdict form]. You will take this form to the jury room, and when each of you has agreed on the verdict, your foreperson fill in the form, sign and date it, and you will then return to the courtroom with the verdict.

## **DEADLOCK**

It is your duty as jurors to consult with one another and to deliberate with a view toward reaching an agreement, if you can do so consistent with your individual judgments. Each of you must decide the case for yourself, but you should do so only after a consideration of the case with your fellow jurors, and you must be open to their opinions. You should not be influenced to vote a certain way, however, by the single fact that a majority of the jurors, or any of them, will vote in a certain way. In other words, you should not surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict, or solely because of the opinions of the other jurors.

In the course of your deliberations you should not hesitate to reexamine your own views, and to change your opinion if you are convinced that those views are wrong. To reach a unanimous result you must examine the questions submitted to you openly and frankly, with proper regard for the opinions of others and with a willingness to reexamine your own views.

Remember that you are not partisans; you are judges—judges of the facts. Your only interest is to seek the truth from the evidence. You are the judges of the credibility of the witnesses and the weight of the evidence.

If you should fail to agree on a verdict, the case is left open and must be resolved at a later time. There is no reason to think that another trial would be conducted in a better way or that a different jury would decide it any better. Any future jury must be selected in the same manner and from the same source as you.

We try cases to dispose of them and to reach a common conclusion if it is consistent with the conscience of each member of the jury. I suggest that, in deliberating, you each recognize that you are not infallible, that you listen to the opinions of the other jurors and that you do so carefully

with a view to reaching a common conclusion, if you can. You may take all the time that you feel is necessary.

I remind you that in your deliberations you are to consider the instructions I have given you as a whole. You should not single out any part of any instruction, including this one, and ignore others. They are all equally important.

You may now retire and continue your deliberations.