# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ARTOSS, INC. | | PLAINTIFF |
| v. | Case No. 1:20-cv-00741 | |
| ARTOSS GmbH | | DEFENDANT |
| ARTOSS GmbH | | COUNTER-CLAIMANT |
| v. | | |
| ARTOSS, INC. | | COUNTER-DEFENDANT |

## PLAINTIFF ARTOSS, INC.'S BRIEF IN SUPPORT OF MOTION TO AMEND THE JUDGMENT

SMITH, KATZENSTEIN & JENKINS LLP
Kelly A. Green (No. 4095)
1000 West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400

WINTHROP & WEINSTINE, P.A.
Gerald H. Fornwald, MN #345647
Chelsea A. Ahmann, MN #0399146
Cianna Halloran, MN #0402841
225 South Sixth Street, Suite 3500
Minneapolis, MN 55402-4629
Tel: (612) 604-6400
Fax: (612) 604-6800

*Attorneys for Plaintiff, Artoss, Inc.*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................................1

STATEMENT OF FACTS ............................................................................................................2

      A.      Following Trial, the Jury Finds in Favor of Artoss Inc. on All of its Claims and Defenses. .....................................................................................................2

      B.      ARTOSS GmbH Disregards the Verdict and the Judgment, and Continues to Demand Higher Prices and/or Prepayment from Artoss, Inc. .............................3

ARGUMENT ..................................................................................................................................5

I.      LEGAL STANDARD................................................................................................5

II.     ARTOSS, INC. IS ENTITLED TO A JUDGMENT IN ITS FAVOR ON ITS CLAIM FOR DECLARATORY JUDGMENT....................................................6

III.    ARTOSS, INC. IS ENTITLED TO INJUNCTIVE RELIEF RELATED TO ITS BREACH OF CONTRACT CLAIM. ...............................................................9

IV.    ARTOSS, INC. IS ENTITLED TO PRE-JUDGMENT INTEREST OF $88,251.81....................................................................................................................11

CONCLUSION.............................................................................................................................12

# **TABLE OF AUTHORITIES**

Page(s)

Cases

*Citadel Holding Corp. v. Roven*,
 603 A.2d 818 (Del. 1992) .................................................................................................. 12

*Cordance Corp. v. Amazon.com, Inc.*,
 521 F. Supp. 2d 340 (D. Del. 2007) ..................................................................................... 6

*Drumgo v. Kuschel*,
 2022 WL 3646349 (D. Del. Aug. 24, 2022) ........................................................................ 5

*eBay Inc. v. MercExchange, LLC*,
 126 S.Ct. 1837, 164 L.Ed.2d 641 (2006) ............................................................................. 9

*Jarvis v. Johnson*,
 668 F.2d 740 (3d Cir. 1982) ............................................................................................... 11

*Minn. Mining and Mfg. Co. v. Norton Co.*,
 929 F.2d 670 (Fed. Cir. 1991) .............................................................................................. 6

*Monsanto Co. v. Geertson Seed Farms*,
 130 S.Ct. 2743, 177 L.Ed.2d 461 (2010) ............................................................................. 9

*N. River Ins. Co. v. CIGNA Reinsurance Co.*,
 52 F.3d 1194 (3d Cir. 1995) ................................................................................................. 5

*Ne. Pennsylvania Freethought Soc'y v. Cnty. of Lackawanna Transit Sys.*,
 938 F.3d 424 (3d Cir. 2019) .......................................................................................... 9, 10

Statutes

6 *Del. C.* § 2301 ....................................................................................................................... 12

## PRELIMINARY STATEMENT

After two-and-a-half years of litigation, Artoss, Inc. and ARTOSS GmbH participated in a five-day jury trial, which lasted from November 14, 2022 to November 18, 2022. At the conclusion of this trial, the jury unanimously found that: (1) ARTOSS GmbH had breached the Distributor Agreement by increasing prices and changing the consignment payment terms for SBX Putty and QD products; (2) ARTOSS GmbH had improperly terminated the Distributor Agreement; (3) Artoss, Inc. had not breached the Distributor Agreement by or through any of its actions; and (4) Artoss, Inc. did not violate any of ARTOSS GmbH's trademark or other intellectual property rights. (D.I. 288) Notwithstanding these clear and unequivocal determinations issued just days ago, ARTOSS GmbH has already disregarded the jury's findings, and has continued to demand increased prices and advance prepayment as a condition of shipping product to Artoss, Inc. under the Distributor Agreement. These improper actions by ARTOSS GmbH highlight the need for the Court to amend the Judgment that was entered on November 22, 2022, in order to expressly declare the parties' respective rights and obligations under the Distributor Agreement moving forward, consistent with the jury's underlying factual determinations.

In the absence of declaratory relief, Artoss Inc. will be forced to initiate additional litigation in order to prevent ARTOSS GmbH's post-trial breaches of the Distributor Agreement. Because additional litigation would impose an undue and unnecessary burden on both the parties and the judicial system, Artoss, Inc. asks the Court to issue a narrow amendment to clarify the Judgment in three discrete ways, which are reflected in redline in Exhibit 1 to the Fornwald Declaration submitted herewith.

First, Artoss, Inc. asks that the Court grant judgment on Count IV of its Amended Complaint, in order to provide an express declaration of Artoss, Inc.'s rights under the Distributor Agreement, consistent with the jury's findings.

Second, Artoss, Inc. asks that the Court clarify the Judgment by granting the injunctive relief sought in Artoss, Inc.'s Amended Complaint, in order to prevent the manifest injustice that will result if ARTOSS GmbH is allowed to continue violating and disregarding the Distributor Agreement and the existing Judgment.

Finally, Artoss, Inc. asks that the Court clarify the Judgment to recognize Artoss, Inc.'s statutory right to receive an award of prejudgment interest.

## STATEMENT OF FACTS

### A. Following Trial, the Jury Finds in Favor of Artoss Inc. on All of its Claims and Defenses.

On November 17, 2022, following a four-day trial on liability, the jury issued a Special Verdict Form finding in favor of Artoss, Inc. for each of its claims, and against ARTOSS GmbH for each its counterclaims and defenses. (D.I. 288) Specifically, the jury determined that ARTOSS GmbH breached and wrongfully terminated the Distributor Agreement, and that Artoss, Inc. had not breached the Distributor Agreement or otherwise interfered with or infringed upon any of ARTOSS GmbH's intellectual property rights. (*Id.*) The following day, on November 18, 2022, the jury received additional evidence related to Artoss, Inc.'s damages. The jury then awarded damages to Artoss, Inc. for ARTOSS GmbH's breaches, totaling $1,260,821. (D.I. 291)

Following receipt of the damages verdict, the Court indicated its belief that the verdicts from the jury conclusively resolved all remaining claims between the parties. (D.I. 288, 291; Declaration of Gerald H. Fornwald dated December 7, 2022 ("Fornwald Dec."), Ex. 2 at 233:5-235:11) Artoss, Inc., in turn, voiced its belief that an additional judgment from the Court may be necessary and/or helpful to clarify the jury's verdict with regard to the declaratory judgment sought by Artoss, Inc. in its Amended Complaint. (Fornwald Dec., Ex. 2 at 234:18-235:11)

On November 22, 2022, the Court issued the Judgment, reaffirming the jury's verdict, and awarding $1,260,821 in damages in favor of Artoss, Inc. (D.I. 293)

### B. ARTOSS GmbH Disregards the Verdict and the Judgment, and Continues to Demand Higher Prices and/or Prepayment from Artoss, Inc.

On November 21, 2022, just three days after the conclusion of trial and the issuance of the verdict, Artoss, Inc. sent a purchase order to ARTOSS GmbH for SBX Putty and QD products containing payment and pricing terms consistent with the jury's verdict. (Fornwald Dec., Ex. 3) Rather than fill this order, ARTOSS GmbH denied its obligation to comply with the consignment terms that had just been affirmed by the jury, writing in response to Artoss, Inc.'s order:

> Any consignment requires under mandatory German law a written consignment agreement approved by customs office. As no such consignment agreement is in place, ARTOSS GmbH is restricted to deliver on the basis of consignment. Please contact ARTOSS GmbH in order to agree to a delivery compliant with German law.

(*Id.* at Ex. 4)

Surprised by ARTOSS GmbH's flagrant disregard of the jury verdict, but in dire need of product to satisfy customer demand, Artoss, Inc. responded to this email the same day, writing:

> Earlier today, we received correspondence from your German counsel, Mark Hoenike, stating that Artoss GmbH cannot or will not deliver product on a consignment basis unless the parties enter into a separate written consignment agreement. Mr. Hoenike further stated that we should contact Artoss GmbH directly to work out terms of shipment that comply with German law.
>
> While we are perplexed by Artoss GmbH's abrupt change in position following more than five years of providing consignment deliveries, the most important issue in the present moment is Artoss Inc.'s immediate access to NanoBone product to satisfy demand. Therefore, we will investigate Mr. Hoekike's claims regarding the necessity of a separate consignment agreement and we will respond accordingly. In the meantime, in the interest of ensuring immediate access to product, we are willing to temporarily deviate from the binding consignment terms of the Distributor Agreement. Specifically, please find the attached order with Net 60 payment terms. To be clear, by providing this modified purchase order, Artoss Inc. is not waiving, amending, or agreeing to alter any of the terms of the Distributor Agreement, including the consignment provision, which has been declared to be

3

> valid and binding. Furthermore, we reserve the right to issue all future purchase orders subject to the consignment terms of the Distributor Agreement.
>
>  Please confirm Artoss GmbH will fill this order immediately.

(*Id.* at Ex. 5) After hearing nothing from ARTOSS GmbH for several days, Artoss, Inc. followed up with ARTOSS GmbH on November 25, 2022, and then again on November 28, 2022, writing:

> Following up on our order (PO #676) placed one week ago on Monday, November 21 and amended on Wednesday, November 23, I still have received no communications from you despite multiple emails, telephone calls, and WhatsApp calls. This is unacceptable. Our need for product is urgent.

(*Id.* at Exs. 6-7)

Hoping to resolve any communication issues between the parties, counsel for Artoss, Inc. simultaneously reached out to counsel for ARTOSS GmbH, inquiring about ARTOSS GmbH's refusal to comply with the Judgment. (*Id.* at Ex. 8) Counsel for the parties engaged in a teleconference on November 28, 2022, during which counsel for ARTOSS GmbH made a number of notable and concerning representations. (*Id.* at ¶ 10 & Ex. 8) First, although ARTOSS GmbH originally represented that it was unable to ship product on consignment due to purported issues of German law, counsel for ARTOSS GmbH abandoned this position during the November 28 call, instead claiming that ARTOSS GmbH needed more favorable payment and pricing terms due to its own cash-flow restraints. (*Id.* at ¶ 10) Indeed, counsel **admitted that ARTOSS GmbH had product that was already manufactured and ready to ship to Artoss, Inc.**, but ARTOSS GmbH was refusing to ship that product because it wanted additional funds and pre-payment from Artoss, Inc. (*Id.*) ARTOSS GmbH further indicated that, if Artoss, Inc. refused to agree to prepayment and higher prices for the product, ARTOSS GmbH would continue to withhold product until Artoss, Inc. took steps to file and enforce the Judgment in Germany—a process which ARTOSS GmbH threatened could take up to two years. (*Id.*)

4

Later that day, counsel for ARTOSS GmbH sent an email correspondence reiterating its demand for increased prices and accelerated payment terms in order to ship product to Artoss, Inc. (*Id.* at Ex. 9, pp. 2-3) Specifically, ARTOSS GmbH demanded that Artoss, Inc. increase prices by 40% above those prices that the jury had just affirmed, and accelerate payment from pay-after-sale terms to a combination of prepayment and net-30 day terms. (*Id.*) Given Artoss, Inc.'s increasingly dire need for product, it ultimately agreed to temporarily prepay for product, but continued to refuse to pay higher prices. (*Id.* at Ex. 9, p. 1)

In summary, as of the date of this filing, Artoss, Inc. has attempted to place a single order for product, which ARTOSS GmbH first claimed it could not fill because of German consignment law, and then ultimately refused to fill until Artoss Inc. agreed to terms that materially deviated from the jury's determination and the terms of the Distributor Agreement. (*Id.* at ¶ 10 & Exs. 3-9) ARTOSS GmbH has further indicated that it will insist upon increased prices and prepayment terms in future transactions between the parties. (*Id.*)

## ARGUMENT

**I.     LEGAL STANDARD**

"Rule 59(e) permits a party to file a motion to alter or amend a judgment. A proper motion to alter or amend judgment must rely on one of three major grounds: (1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct clear error of law or prevent manifest injustice." *Drumgo v. Kuschel*, 2022 WL 3646349, at *3 (D. Del. Aug. 24, 2022) (internal quotation marks omitted) (quoting *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). Here, ARTOSS GmbH's actions immediately following trial in this matter (which also result in new evidence not previously available) necessitate amendment and clarification of the Judgment, in order to prevent the

manifest injustice that would result from ARTOSS GmbH's continued disregard of its contractual obligations and the jury's findings in this case.

## II. ARTOSS, INC. IS ENTITLED TO A JUDGMENT IN ITS FAVOR ON ITS CLAIM FOR DECLARATORY JUDGMENT.

Artoss, Inc. asks that the Court grant a limited amendment of the Judgment in order to clarify the verdict delivered by the jury, and Artoss, Inc.'s contractual rights arising therefrom.

Declaratory judgment is appropriate when "(1) the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Cordance Corp. v. Amazon.com, Inc.*, 521 F. Supp. 2d 340, 345 (D. Del. 2007) (quoting *Minn. Mining and Mfg. Co. v. Norton Co.*, 929 F.2d 670, 672–73 (Fed. Cir. 1991)).

Count IV of Artoss, Inc.'s Amended Complaint seeks a declaration that: (i) SBX Putty and QD products are subject to all of the terms of the Distributor Agreement; (ii) Artoss GmbH cannot alter payment terms from the pay-after-sale consignment terms set forth in Section 6.2 of the Distributor Agreement, as amended by Amendment #4 to the Distributor Agreement; (iii) Artoss GmbH cannot alter price of any products that are subject to the Distributor Agreement without mutual agreement from Artoss, Inc.; and (iv) ARTOSS GmbH may not terminate the Distributor Agreement. (D.I. 62, ¶¶188-194) Each of these contractual rights is well-supported by the jury's verdict, but the current Judgment does not expressly declare these rights. Although Artoss, Inc. understands that this Court previously expressed its belief that an express declaration of contractual rights was unnecessary in light of the jury's clear findings, ARTOSS GmbH's actions following trial have proven that further clarification is necessary. Indeed, as set forth above, in the two weeks following trial, ARTOSS GmbH refused to ship product to Artoss, Inc. unless Artoss, Inc. agreed to increase prices and a change in payment terms from those expressly affirmed by the jury.

(Fornwald Dec., ¶ 10 & Exs. 3-9) ARTOSS GmbH's immediate disregard of the verdict and Judgment highlights the extraordinary need for a clear declaration in the Judgment setting out Artoss, Inc.'s rights under the Distributor Agreement, consistent with the findings already made by the jury.

Importantly, issuing a declaration on these issues does not require the Court to make or rely upon any factual findings beyond what the jury has already determined. First, the jury's verdict clearly establishes that the parties are bound by the consignment terms in the Distributor Agreement. During the liability phase of trial, ARTOSS GmbH asked the jury to determine, among other things, that Artoss, Inc. breached the Distributor Agreement when it failed to pay for product within sixty days pursuant to the "Net-60" terms listed on the invoices. Artoss, Inc., on the other hand, asked the jury to reject this claim and, instead, find that the parties were bound by the consignment terms of Section 6.2 of the Distributor Agreement. The jury agreed with Artoss, Inc., finding that Artoss, Inc. was not bound by "Net 60" payment terms but, rather, that ARTOSS GmbH had breached the terms of the Distributor Agreement. (D.I. 288) In light of this finding, the jury necessarily found that the consignment terms Section 6.2 of the Distributor Agreement controlled (since the evidence demonstrated that Artoss, Inc. only paid for product after sale, not on "Net 60" terms), and that ARTOSS GmbH breached those terms when it refused to honor the pay-after-sale terms. Accordingly, a declaration from the Court that ARTOSS GmbH cannot alter payment terms from the pay-after-sale consignment terms set forth in Section 6.2 of the Distributor Agreement, as amended by Amendment #4 to the Distributor Agreement, does not require any new or additional findings, and rather only serves to endorse the jury's determination.

Similarly, during the damages phase of trial, Artoss, Inc. presented evidence that it made exactly $1,260,821 in overpayments as a result of ARTOSS GmbH's improperly increased prices

7

on SBX Putty and QD products. The jury agreed with this determination, awarding Artoss, Inc. exactly $1,260,821 in damages—thus making three underlying findings: (1) both SBX Putty and QD products are included in the Distributor Agreement; (2) SBX Putty and QD are each subject to the initial prices that were agreed upon between the parties before Artoss Inc. ordered those products from ARTOSS GmbH; and (3) ARTOSS GmbH's unilateral increase in prices for SBX Putty and QD breached the Distributor Agreement, meaning mutual agreement was required to raise those prices. (D.I. 291) As such, a declaration that both SBX Putty and QD products were subject to the Distributor Agreement, and a declaration that ARTOSS GmbH cannot alter price of any products that are subject to the Distributor Agreement without mutual agreement from Artoss, Inc., comports with the jury's determinations and clarifies the parties' respective rights and obligations moving forward.

Finally, the jury expressly found that Artoss, Inc. proved "by a preponderance of the evidence that ARTOSS GmbH's termination of the Distributor Agreement was wrongful." (D.I. 288) Accordingly, an Amended Judgment finding that ARTOSS GmbH may not terminate the Distributor Agreement in the way it previously purported to do does not require any new or additional findings by the Court.

In light of ARTOSS GmbH's conduct following trial, and the fact that the jury has already made all of the necessary factual findings, Artoss, Inc. respectfully requests that the Court issue an amendment to the Judgment that grants Count IV of the Amended Complaint in favor of Artoss, Inc., and clarifies Artoss, Inc.'s contractual rights under the Distributor Agreement.

### III. ARTOSS, INC. IS ENTITLED TO INJUNCTIVE RELIEF RELATED TO ITS BREACH OF CONTRACT CLAIM.

Artoss, Inc. further requests that the Court amend the Judgment to enjoin ARTOSS GmbH from continuing to reject valid purchase orders and/or demand payment terms that differ from the terms of the Distributor Agreement.

Permanent injunctions are granted as a matter of discretion of the Court. *Ne. Pennsylvania Freethought Soc'y v. Cnty. of Lackawanna Transit Sys.*, 938 F.3d 424, 442 (3d Cir. 2019) (citing *eBay Inc. v. MercExchange, LLC*, 126 S.Ct. 1837, 164 L.Ed.2d 641 (2006); *Monsanto Co. v. Geertson Seed Farms*, 130 S.Ct. 2743, 177 L.Ed.2d 461 (2010)). The granting of a permanent injunction is appropriate where the following elements have been shown: (1) Artoss, Inc. has suffered irreparable injury; (2) there is no adequate remedy at law; (3) the balance of hardships tips in Artoss, Inc.'s favor; and (4) granting an injunction would not be against the public interest. *Id.*

Here, Artoss, Inc.'s Amended Complaint requested "an order enjoining Artoss Germany from rejecting valid purchase orders and/or demanding payment terms that differ from the terms of the Distributor Agreement." (D.I. 62 at p. 33 (Prayer for Relief)) ARTOSS GmbH's actions following the jury verdict and entry of Judgment have made the need for this injunctive relief more necessary than ever, in order to prevent future irreparable harm. As set forth above, ARTOSS GmbH has <u>continued</u> its unjustifiable rejection of valid purchase orders even following the verdict and Judgment, insisting that Artoss, Inc. agree to increased prices and different payment terms than those that were just affirmed by the jury and this Court. (Fornwald Dec., ¶ 10 & Exs. 3-9) ARTOSS GmbH has further informed Artoss, Inc. that, if Artoss, Inc. does not agree to prepayment and higher prices, ARTOSS GmbH will refuse to ship product to Artoss, Inc. altogether, forcing Artoss, Inc. to utilize international treaties to enforce the Judgment in Germany—a process that

ARTOSS GmbH has threatened could take "one-and-a-half to two years" to complete. (*Id.*) These actions epitomize the harm contemplated by Artoss, Inc. when it initiated this action, and plainly demonstrate why injunctive relief is necessary to avoid manifest injustice.

Moreover, the evidence presented at trial and the findings issued by the jury satisfy the elements necessary for injunctive relief, and demonstrate its appropriateness here. *See Ne. Pennsylvania Freethought Soc'y*, 938 F.3d at 442. Indeed, Paul Byerley testified at length regarding the irreparable injury that results in the form of lost sales agents and sales when Artoss, Inc. is unable to reliably source product. (Fornwald Dec., Ex. 2 at 29:6-34:8 (testifying about the importance of being able to reliably source product, and further testifying that, once sales agents discontinue their business with Artoss, Inc. because of reliability concerns, they are unlikely to ever return, and the sales from those lost agents are unlikely to be (and have never been to date) picked up by another sales agent)).

Similarly, without injunctive relief, Artoss, Inc. is left without any adequate remedy at law for ARTOSS GmbH's continued bad acts. Indeed, the *only* remedy available to Artoss, Inc. absent injunctive relief is for Artoss, Inc. to continue filing endless breach of contract lawsuits against ARTOSS GmbH for its blatant refusal to honor the contract terms. In the meantime, Artoss Inc. will suffer significant consequential damages in the form of lost sales, lost profits, and diminished market share. However, the jury previously determined that such damages are not available to Artoss Inc. In other words, the legal relief Artoss Inc. would be entitled to receive through future litigation can never make it whole, thus necessitating injunctive relief.

The balance of hardships further weighs in favor of injunctive relief. After five days of trial, the jury conclusively determined that ARTOSS GmbH has engaged in flagrant violations of the Distributor Agreement for over two-and-a-half years, damaging Artoss, Inc. in the amount of

at least $1,260,821. (D.I. 291) Allowing ARTOSS GmbH to continue engaging in the exact bad actions that the jury has already found to be illegal would create inordinate hardship for Artoss, Inc. This is *particularly* true since ARTOSS GmbH is the only company that can supply Artoss, Inc. with NanoBone product. On the other hand, requiring ARTOSS GmbH to abide by the terms of the contract that it willingly negotiated, entered into, and repeatedly benefitted from for the past seven years to receive hundreds-of-thousands of dollars in payments from Artoss, Inc., does not create any hardship for ARTOSS GmbH.

Finally, granting an injunction would support public interests. Litigants may not be allowed to avail themselves of privileges and benefits in the United States by entering into agreements expressly governed by Delaware law and the Delaware Courts, only to reject those laws and the Courts that enforce them when they receive a verdict they do not like. That is exactly what ARTOSS GmbH seeks to do here. It has already indicated that it does not intend to comply with or abide by the jury's verdict or the resulting Judgment. (Fornwald Dec., ¶ 10) Instead, ARTOSS GmbH has made it clear that it intends to seek higher prices and unfavorable payment terms from Artoss, Inc. in direct violation of the jury's findings. (*Id.*) These actions are clearly against public policy, and they contradict the very purpose of our legal system. Accordingly, Artoss, Inc. requests that the Court grant injunctive relief and enjoin ARTOSS GmbH from continuing to breach the Distributor Agreement.

## IV.   ARTOSS, INC. IS ENTITLED TO PRE-JUDGMENT INTEREST OF $88,251.81.

Finally, Artoss, Inc. asks that the Court amend the Judgment to award Artoss, Inc. statutorily-provided prejudgment interest in the amount of $88,251.81.

Federal courts sitting in diversity jurisdiction apply state law when determining whether prejudgment interest should be awarded. *Jarvis v. Johnson*, 668 F.2d 740, 746 (3d Cir. 1982). Under Delaware law, prejudgment interest is awarded as a matter of right on non-equitable claims.

11

*Citadel Holding Corp. v. Roven*, 603 A.2d 818, 826 (Del. 1992) ("In Delaware, prejudgment interest is awarded as a matter of right."). The prejudgment interest amount is calculated at "5% over the Federal Reserve discount rate including any surcharge as of the time from which interest is due[.]" 6 *Del. C.* § 2301.

Artoss, Inc.'s damages expert, who has already been admitted as an expert in this matter, has calculated the amount of prejudgment interest available to Artoss, Inc. under Delaware law as $88,251.81. (Fornwald Dec., ¶¶ 13-14 & Exs. 10-11) Accordingly, Artoss, Inc. respectfully requests that the Court grant this Motion and amend the Judgment to recognize Artoss, Inc.'s right to $88,251.81 in prejudgment interest.

## **CONCLUSION**

For the foregoing reasons, Artoss, Inc. respectfully requests that this Court grant this Motion, and amend the Judgment as set forth in Exhibit 1 to the Fornwald Declaration, submitted herewith.

| | |
|---|---|
| Dated: December 9, 2022 | SMITH, KATZENSTEIN & JENKINS LLP |

<u>/s/ Kelly A. Green</u>
Kelly A. Green (No. 4095)
1000 West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
kag@skjlaw.com


WINTHROP & WEINSTINE, P.A.

Gerald H. Fornwald, MN #345647
Chelsea A. Ahmann, MN #0399146
Cianna G. Halloran, MN #0402841
225 South Sixth Street, Suite 3500
Minneapolis, MN 55402-4629
Tel: (612) 604-6400
Fax: (612) 604-6800
<u>Email:</u> gfornwald@winthrop.com
cahmann@winthrop.com
challoran@winthrop.com

*Attorneys for Plaintiff, Artoss, Inc.*